IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-98-136-02**
:
**v.** :
:
**MARKESE CLARK** :

## MEMORANDUM AND ORDER

Before the court is a motion filed by Markese Clark entitled "Dodd Motion." Petitioner is raising a challenge to his sentence pursuant to *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005). The title of his motion is based on *Dodd v. United States*, __ U.S. __, 125 S. Ct. 2478 (2005). Petitioner believes *Dodd* enables him to raise this challenge as being timely.

Petitioner was sentenced by this court on February 18, 1999. He filed a notice of appeal on March 1, 1999. On April 20, 2000, the Third Circuit Court of Appeals affirmed the decision of this court. On May 25, 2000, Petitioner filed a petition for writ of *certiorari* which was denied on November 21, 2000. On June 20, 2001, Petitioner filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255 which was denied by this court on June 22, 2001. On July 20, 2001 he appealed the denial of his petition. The Third Circuit affirmed this court's order on October 3, 2002. Petitioner's conviction became final on November 21, 2000.

Title 28 U.S.C. § 2255 establishes a 1-year period of limitation within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section. That period runs from the latest of a number of events, which are enumerated in subparagraphs (1) through (4) of ¶ 6 of that section. Petitioner believes this case involves subparagraph (3) which provides that the limitation period begins to run on the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In most cases, the operative date from which the limitation period is measured will be the date on which the judgment of conviction becomes final. Section 2255 at ¶ 6(3) gives an applicant one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Booker* was decided on January 12, 2005. The instant motion was filed on January 11, 2006. Unfortunately for Petitioner, the *Booker* decision did not apply retroactively to cases on collateral review. *In re Olopade*, 403 F.3d 159, 162 (3d Cir. 2005).

It appears that Petitioner is trying to preserve his right to raise a *Booker* issue at such time as the Supreme Court rules that *Booker* is retroactive. To date, *Booker* has only been applied to cases sentenced within the one year limitation and which have not become final. Petitioner cannot raise a *Booker* claim because the one-year limitation period has expired and his case is final.

**IT IS THEREFORE ORDERED THAT**:

1) The motion entitled "*Dodd* Motion" is denied.

2) The Clerk of court shall close the file.

3) This court declines to issue a certificate of appealability.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 13, 2006.