IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-98-136-02** |
| **v.** | : | **(Judge Rambo)** |
| **MARKESE CLARK** | : | |

# **M E M O R A N D U M**

**I.     Background**

On February 18, 1999, Defendant Markese Clark was sentenced to 216 months imprisonment to run concurrent to a Cumberland County, Pennsylvania, sentence, a ten year term of supervised release, a special assessment of $100.00, and a fine of $1,000.00[1] (Doc. 184). This sentence was to run consecutive to a Dauphin County, Pennsylvania, parole conviction.

On August 21, 2001, the judgment and commitment was amended to reduce the term of supervised release from ten to six years (Doc. 364). On August 31, 2009, the judgment and commitment was amended to reduce the term of incarceration from 216 to 193 months pursuant to 18 U.S.C. § 3582(c) (reduced crack cocaine amendment) (Doc. 517). On May 8, 2012, this court issued an order clarifying the sentencing calculation in this case and directed the preparation of a new judgment and commitment (Doc. 585). The new judgment and commitment was placed on the record on May 10, 2012 (Doc. 588), which further reduced the term of incarceration to 183 months to give Clark credit for time served in

---

[1] Clark was convicted of possession with intent to deliver in excess of 50 grams of crack cocaine and conspiracy of the same.

Cumberland County Prison prior to being sentenced in federal court. From that time forward, Clark sent numerous letters to this court in which he questioned his sentence calculation.[2]

On July 2, 2012, Clark sent another letter to the undersigned in care of the Clerk of Court. This letter was docketed by the Clerk's Office as number 592 of the record. In this document, Clark continues to question the calculation of his sentence. On August 21, 2012, Clark filed an appeal of the court's computation of his sentence issued on May 10, 2012. On January 14, 2013, the United States Court of Appeals for the Third Circuit entered the following order:

> We decline to construe the document filed in the District Court titled "Appeal to Memorandum Order Date May 8, 2012 for the Adjusting and Minding Sentence to Reflect Time for Concurrent State Sentence" as a notice of appeal to this Court. Appellant alleges that he is entitled to have his sentence reduced by another 16 months to make his total sentence 171 months. His documents appears to be a motion filed pursuant to Fed. R. Crim. P. 36, which allows a district court to "correct a clerical error in a judgment order, or other part of the record, or correct an error in the record arising from oversight or omission" after giving appropriate notice. We believe that the District Court is better suited to consider the relief Appellant is seeking. Accordingly, we order the Clerk to return Appellant's matter to the District Court for further proceedings. We neither consider whether Appellant's appeal is subject to summary action nor whether a certificate of appealability should issue.

Thus, this court will consider the July 2, 2012 letter from Clark (Doc. 592) as a motion for reconsideration and/or a request pursuant to Federal Rule of Criminal Procedure 36 to correct an error in the record arising from oversight or omission.

---

[2]These letters were sent directly to the undersigned and were not made part of the record at the time of receipt by the court.

**II.** **Discussion**

It appears that Clark is seeking a 16 month credit for time served in Cumberland County Prison. It is this court's contention that he has already been given credit for these 16 months. Prior to the issuance of the amended judgment and commitment dated May 10, 2012 (Doc. 588), there were numerous memoranda and telephone calls between the court, the probation officer, and the Bureau of Prisons Designations and Computation Center. The calculations used to arrive at the corrected sentence of 183 months was repeatedly explained to Clark.

The 216 month term of incarceration from the original judgment issued on February 18, 1999 (Doc. 184), included an 11 month credit that Clark had already served on the Cumberland County sentence at the time of imposition of the federal sentence. That term was subsequently determined to have been inaccurate. The credit should only have been eight months, covering the period of June 1998 to February 1999. It appears that initially Clark argued that he was not given credit by the Bureau of Prisons for time served in Cumberland County Prison from February 1999 until his parole on the Cumberland County sentence in June 2000 (a period of 16 months). The Bureau of Prisons' complex computation method would not give Clark credit for those 16 months.

The Bureau of Prisons was finally convinced that Clark should be given credit for those 16 months. Thus, the calculation used to arrive at 183 months in amended judgment issued May 10, 2012 (Doc. 588), was as follows:

```
   262 months (low end of the crack reduction range)
-   24 months (time served in Cumberland County not credited
              by the Bureau of Prisons – 8 months, June 1998 to
              February 1999, plus 16 months, February 1999 to
              June 2000)
-   55 months (23% departure under 5K1.1)
   183 months
```

**III.     Conclusion**

Neither the court, the probation office or the Bureau of Prisons can understand Clark's claim for another 16 month credit.  The motion for reconsideration and/or correction of sentence pursuant to Federal Rule of Criminal Procedure 36 will be denied.  An appropriate order will be issued.


                                                                            s/Sylvia H. Rambo
                                                                            United States District Judge

Dated:  February 5, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:CR-98-136-02

**v.** : **(Judge Rambo)**

**MARKESE CLARK** :

# **O R D E R**

AND NOW, this 5th day of February, 2013, **IT IS HEREBY ORDERED THAT**:

1) Document 592 is deemed to be a motion for reconsideration and/or a request pursuant to Federal Rule of Criminal Procedure 36 to correct an error in the record arising from oversight or omission.

2) The motion is **DENIED**.

3) This court affirms the Judgment and Commitment issued May 12, 2012 (Doc. 588).

4) A certificate of appealability is **GRANTED**.

                                                    s/Sylvia H. Rambo
                                                  United States District Judge